IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AWARDS DEPOT, LLC** | § | Civil Action No. _____ |
| | § | |
| **Plaintiff,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | **&** |
| | § | **REQUEST FOR SPEEDY** |
| **SCOTTSDALE INSURANCE COMPANY** | § | **HEARING ON DECLARATORY** |
| | § | **JUDGMENT CLAIM** |
| **Defendant.** | § | **PURSUANT TO FRCP 57** |

**PLAINTIFF AWARDS DEPOT LLC'S ORIGINAL COMPLAINT**

**I.
SHORT SUMMARY OF THE CASE**

This is an insurance coverage dispute. Defendant issued a Commercial General Liability policy to Plaintiff which promises a defense for suits claiming damages arising out of "personal and advertising injury." The policy period is June 19, 2015 through June 19, 2016. Plaintiff was sued in the Eastern District of New York on July 13, 2015 and served on July 16, 2015. The complaint alleged trade dress infringement occurring during the policy period. Trade dress infringement in an insured's advertising or on its website falls within the policy's definition of "personal and advertising injury."

Plaintiff promptly filed a notice of claim on July 24, 2105 tendering the matter to Defendant for a defense. On August 13, 2015, Defendant refused Plaintiff's request. Plaintiff was forced to retain and pay for its own defense. Plaintiff continued to try and convince Defendant to change its position, but, Plaintiff's multiple efforts have been to no avail. Plaintiff now brings this action for Declaratory Judgment, Breach of Contract and violation of § 542 of

1

the Texas Insurance Code.  Since the duty to defend in Texas is governed by the "eight-corners" rule, in connection with the claim for declaratory relief, the Court's analysis of the duty to defend is restricted to comparing **only** the factual allegations in the underlying complaint and the policy.  Since, as a matter of law, no extrinsic evidence may be considered, discovery on the issue is not necessary.  Plaintiff seeks a speedy hearing on the Declaratory Judgment claim pursuant to FRCP 57 since the Trophy Depot Litigation is ongoing, will be expensive to defend, and will be escalating in the near future.

## II.
## THE PARTIES

1. Plaintiff Awards Depot, LLC ("Awards Depot" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Madisonville, Texas.  All of Awards Depot's members are citizens of the State of Texas.

2. Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant") is an Ohio Corporation with its principal offices in Ohio and Arizona.  Scottsdale is in the business of insurance and is registered to do business in the state of Texas.  Scottsdale may be served with process through the Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701; or through Corporation Service Co. d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th St., Ste. 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §2201, Fed. R. Civ. P. 57, and 28 U.S.C. § 1332.

4.     Plaintiff and Defendant are citizens of different states. There is complete diversity of citizenship between Plaintiff and Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.
## VENUE

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff is a Texas Limited Liability Company residing and conducting business in this district, Defendant conducts business in and with residents of this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## V.
## FACTS

6.     Awards Depot is in the recognition and awards industry. It is a small "mom and pop" family owned business with a single location in Madisonville, Texas that has a population of approximately 4,500 residents. Awards Depot has an average of fewer than 20 employees. Awards Depot assembles and sells trophies, plaques, medallions, ribbons, cups and certificates out of its storefront, via its website and through the internet.

7.     Scottsdale issued Commercial General Liability Policy No. CPS2257060 to Awards Depot for the policy period June 19, 2015 through June 19, 2016. ("The Policy") A true and correct copy of The Policy is attached hereto as Exhibit 1.

8.     Awards Depot paid the premium for The Policy.

9.     Coverage B of the Policy provides coverage for Personal and Advertising Injury liability. (Exhibit 1 at p. 24 of 56). "Personal and advertising injury" is defined in Section V (14)(g) as follows:

3

> "'*[p]ersonal and advertising injury' means injury … arising out of …[i]nfringing upon another's … trade dress … in your 'advertisement'*'"

(Exhibit 1 at p. 33 of 56)(emphasis added)

10.     The term "advertisement" is defined in Section V (1) of The Policy, in part, as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters" and also includes "material placed on the internet or on similar means of communication." (Exhibit 1 at p. 31 of 56).

11.     Scottsdale in correspondence dated August 13, 2015 acknowledged the use of another's trade dress during the policy period in an insured's advertising or on its website is covered by The Policy.

12.     The Insuring Agreement in § 1(a) of Coverage B states in part:

> "***We will have the right and duty to defend the insured against any 'suit' seeking those damages***."

(Exhibit 1 at p. 24 of 56) (emphasis added).

13.     "Suit" is defined in Section V (18) as "a civil proceeding in which damages because of … 'personal and advertising injury' to which this insurance applies are alleged." (Exhibit 1 at p. 34 of 56).

14.     During the Policy period, Awards Depot was sued on July 13, 2015 in the United States District Court for the Eastern District of New York in Case No. 2:15-cv-04103-JMA-ARL styled *Trophy Depot v. Awards Depot*, *et. al.* (the "Trophy Depot Litigation").

15.     Awards Depot was served with the Trophy Depot Complaint on July 16, 2015.

16.     The Policy was in effect at the time the Trophy Depot Litigation was initiated.

17.     There was no deductible requirement in The Policy.  (Exhibit 1 at p. 16 of 56)

4

18. On July 24, 2015, pursuant to and in compliance with the notice provisions of The Policy, Awards Depot notified Scottsdale of the suit via e-mail to SICReportALoss@Scottsdaleins.com by transmitting the Trophy Depot Complaint, including the exhibits attached thereto, the Summons, and a cover letter.  A true and correct copy of the July 24, 2015 notice of claim and attachments is attached hereto collectively as Exhibit 2.

19. Paragraph 1 of the Trophy Depot Complaint states in part "[t]his is an action … stemming from Defendant's acts of … ***trade dress*** infringement …. (Exhibit 2 at p. 6 of 43) (emphasis added).

20. Paragraph 5 of the Trophy Depot Complaint states "[o]n information and belief, Awards Depot distributes, manufactures, imports and sells recognition awards, trophies, plaques, ribbons, medals and related products through its retail store located at the address identified above, and ***via the Internet (www.awardsdepot.com) …*** (Exhibit 2 at p. 7 of 43) (emphasis added).

21. Paragraph 22 of Trophy Depot's Complaint alleges in part "**[Awards Depot] is presently selling** … **products that incorporate [Trophy Depot's] Trade Dress** … (Exhibit 2 at p. 12 of 43) (emphasis added).

22. Paragraph 35 of the Trophy Depot Complaint alleges in part "[t]he irreparable harm caused by Defendant's … infringement of the Trophy Depot Intellectual Property … shows signs of increasing rather than abating." (Exhibit 2 at p. 16 of 43).

23. Paragraph 17 of the trophy Depot Complaint defines "Trophy Depot Intellectual Property" as including its ***trade dress***. (Exhibit 2 at p. 11 of 43).

24. In paragraph 44 of its complaint, Trophy Depot alleges "[o]n further information and belief, *[Awards Depot] has made use of confusingly similar trade dress in connection with*

5

*[Awards Depot's]* … <u>offering for sale</u> … <u>and advertising</u> *of [Awards Depot's] own goods and services*." (Exhibit 2 at p. 17 of 43) (emphasis added).

25. Trophy Depot's Fifth Claim For Relief is titled "**Trade Dress Infringement Under New York Common Law**" and "incorporates paragraphs 1 through 65 herein, as if fully set forth here." (Exhibit 2 at p. 22 of 43) (emphasis added).. Therefore, Trophy Depot's *trade dress* infringement claim incorporates the aforementioned paragraphs 5, 17, 22, 35 and 44 of its complaint.

26. Paragraph 67 under Trophy Depot's claim for "**Trade Dress Infringement Under New York Common Law**" states *"[t]he acts of [Awards Depot] as alleged constitute trade dress infringement in violation of the common law of New York."* (Exhibit 2 at p. 22 of 43) (emphasis added).

27. In paragraph 69 of Trophy Depot's *trade dress* claim, Trophy Depot alleges "*[a]s a direct and proximate result of [Award Depot's] infringing and unlawful acts, Trophy Depot has suffered damages* …" (Exhibit 2 at p. 22 of 43) (emphasis added).

28. Similarly, Trophy Depot's Sixth Claim For Relief incorporates paragraphs 5, 17, 22, 35, 44, 67 and 69 and further alleges in paragraph 74 that "*[a]s a direct and proximate result of [Award Depot's] infringing and unlawful acts Trophy Depot has suffered and will continue to suffer damages* …" (Exhibit 2 at p. 23 of 43) (emphasis added).

29. Should there be any question as to whether the allegedly "infringing and unlawful acts" complained of by Trophy Depot in paragraph 74 include *trade dress* infringement, paragraph 75 clarifies it is complaining of "*[Awards Depot's] aforesaid conduct of common law trade dress infringement* …" (Exhibit 2 at p. 23 of 43) (emphasis added).

6

30. Finally, in its Prayer For Relief on pages 19 and 20 of its complaint, Trophy Depot uses the term "*trade dress*" no less than seven times and in paragraph seven requests judgment "[a]warding to Plaintiff all damages caused by the acts forming the basis of this Complaint, including pre-judgment interest thereon." (Exhibit 2 at pp. 23-24 of 43).

31. Trophy Depot's complaint on its face invokes "personal and advertising injury" coverage at least in the form of *trade dress* infringement via Plaintiff's website and in its advertising allegedly resulting in "damages."

32. Under the insuring agreement of Coverage B, Scottsdale has the "***duty to defend [Awards Depot] against any [suit] seeking those damages***." (Exhibit 1 at p. 24 of 56) (emphasis added).

33. Paragraph 35 of Trophy Depot's Complaint alleges some of the acts it complains about were occurring at the time of filing (which occurred after policy inception) and will allegedly continue to occur into the future. (Exhibit 2 at p. 16 of 43). Also, in paragraph 75, Trophy Depot alleges "***[Awards Depot's] conduct of common law trade dress infringement …. unless enjoined by this Court, will continue to cause Trophy Depot to suffer irreparable harm*** …" (Exhibit 2 at p. 23 of 43) (emphasis added).

34. Trophy Depot's allegations are clear that it believed the alleged *trade dress* violation was occurring as of filing on July 13, 2015 and in its view will continue throughout the policy period absent injunctive relief from the court.

35. **Nowhere in Trophy Depot's Complaint does Trophy Depot identify a single date prior to policy inception for any act of trade dress infringement by Awards Depot about which it complains.** (Exhibit 2 at pp. 6-26 of 43, *Passim*).

7

36. Texas law provides that if at least one claim in the underlying complaint is covered, the insurer must defend the entire suit. *See, Evanston Ins. Co. v. Legacy of Life, Inc.*, 370 S.W.3d 377, 380 (Texas 2012) (citing *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008).

37. The July 24, 2015 cover letter tendering the Trophy Depot Litigation for defense stated in part:

> To Whom It May Concern:
>
> I have been retained to represent your insured, Awards Depot LLC in connection with a claim made against it. On July 13, 2015, my client, your insured, was sued in the United States District Court for the Eastern District of New York under Case No. 2:15-cv-04103-JMA-ARL styled Trophy Depot, Inc. v. Awards Depot, *et. al*. (hereinafter "The Trophy Depot Lawsuit"). A copy of the Original Complaint is attached hereto for your convenience. Awards Depot was served with the Summons and Complaint on Thursday, July 16, 2015.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A) Awards Depot must file an Answer or otherwise respond within 21 days of being served.  Therefore. the deadline to Answer or otherwise respond, absent any extension, is no later than Thursday, August 6, 2015.
>
> ***Awards Depot hereby tenders the Trophy Depot Lawsuit and requests defense and indemnity under the above referenced policy.*** With the impending deadline to Answer time is of the essence.  If you need any additional information please do not to hesitate to contact me at (281) 229-1213 or via email at wwelch@twwlaw.com.

(Exhibit 2 at p. 2 of 43) (emphasis added).

38. Scottsdale assigned claim number 01663285 to the notice and assigned its employee Tom Bell as the adjuster on the claim.  Mr. Bell contacted the undersigned via telephone on July 27, 2015 and acknowledged receipt of the notice and provided the claim number.

39. On August 13, 2015, Scottsdale sent a declination letter wherein it denied the claim and refused to provide Awards Depot with a defense in the Trophy Depot Litigation.

40. Indeed Scottsdale's own denial letter acknowledges Trophy Depot's complaint alleges acts occurring in July 2015, clearly within the policy period, when it states "Plaintiff also claims that Awards Depot is **presently** selling a series of imitation pieces that incorporates its product's *trade dress*." (emphasis added).

41. Prior to Scottsdale's declination, and to date, Awards Depot complied with all requests for information.

42. Awards Depot retained the undersigned to represent it as lead counsel in connection with the Trophy Depot Litigation. Awards Depot also retained local counsel in New York.

43. On August 22, 2015, the undersigned, on behalf of Awards Depot, asked Scottsdale to reconsider its position. The email also transmitted the undersigned's Invoice No. 7217 for fees incurred in defense of the Trophy Depot Complaint and requested payment from Scottsdale.

44. The August 22, 2015 e-mail to Scottsdale also informed Scottsdale in part:

> "Trademark lawsuits are generally very costly, which is one of the reasons why companies like Awards Depot obtain insurance. Scottsdale's wrongful denial of its duty to defend will adversely impact Awards Depot's operations, interfere with its cash flow, and could lead to significant actual and consequential damages. It will also cripple Awards Depot's ability to defend itself from a frivolous lawsuit, prevent it from hiring the necessary experts, and thereby exposing Awards Depot to damages that could be avoided if Scottsdale would only honor its duty to defend."

45. Scottsdale responded on August 26, 2015 via e-mail which states in part:

> "We acknowledge receipt of and thank you for your email below and attached invoice. However, as explained in our August 13, 2015 letter, Scottsdale has denied coverage for the *Trophy Depot* lawsuit and therefore will not pay the attached invoice. Scottsdale understands and is sympathetic to the possible effects of Awards Depot funding its defense, but, based on the facts and clear language of the policy, maintains its position that it owes no duty to defend or indemnify Awards Depot in connection with the *Trophy Depot* lawsuit."

46. On October 20, 2015 the undersigned provided a detailed coverage opinion to Scottsdale which addressed Scottsdale's coverage position and concomitant refusal to pay for defense costs incurred by Awards Depot in connection with the Trophy Depot Litigation. The October 20, 2015 correspondence also explained how Scottsdale's refusal to defend was: (1) at odds with Texas law, (2) a breach of contract, and (3) a violation of Section 542 of the Texas Insurance Code.

47. Scottsdale has yet to provide a defense or pay for the attorneys' fees incurred by Awards Depot in connection with having to defend itself in the Trophy Depot Litigation.

48. More than 60 days have passed since Scottsdale declined to defend Awards Depot and refused to pay Invoice No. 7217.

49. The Trophy Depot Litigation is still ongoing. (Attached hereto as Exhibit 3 is the most recent docket report printed from PACER).

50. As a result of Scottsdale's breach of contract and violation of Section 542 of the Texas Insurance Code, Awards Depot has suffered damages and been forced to retain the undersigned in connection with enforcing its rights in this litigation.

51. Awards Depot has timely provided all necessary notices and performed all conditions precedent to recovery.

## VI.
## FIRST CLAIM FOR RELIEF-DECLARATORY JUDGMENT

52. Awards Depot incorporates by reference the allegations in paragraphs 1 through 51 above as if fully set forth herein.

53. Based upon the above and foregoing, Awards Depot seeks a declaration, pursuant to 28 U.S.C. 2201 and 2202 that Scottsdale owes Awards Depot a defense in the Trophy Depot Litigation and that by its failure to do so Scottsdale has breached the Policy No. CPS2257060.

## VII.
## SECOND CLAIM FOR RELIEF-BREACH OF CONTRACT

54. Awards Depot incorporates by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

55. A contract existed between Awards Depot and Scottsdale in the form of Commercial General Liability Policy No. CPS2257060. (Exhibit 1). The policy period is June 19, 2015 through June 19, 2016. (Exhibit 1 at p. 2 of 56).

56. Awards Depot was at all times ready, willing, and able to perform and did perform its obligations under the Policy.

57. The Policy provided for defense of any suit alleging "advertising and personal injury" as defined in the policy. "Personal and advertising injury" as defined in the policy includes *trade dress* infringement.

58. During the policy period, on July 13, 2015 the Trophy Depot Litigation was initiated. As set forth in detail above, the Trophy Depot Complaint alleged *trade dress* infringement by Awards Depot in its advertising and on its website.

59. On July 24, 2015, Awards Depot gave timely and proper notice to Scottsdale of the claim and tendered the Trophy Depot Litigation to Scottsdale for defense.

60. On August 13, 2015, Scottsdale declined to provide a defense to Awards Depot.

61. Awards Depot was forced to retain counsel to defend itself in the Trophy Depot Litigation.

62. On August 22, 2015, Awards Depot asked Scottsdale to reconsider its position and again requested a defense.

63. On August 22, 2015, Awards Depot also delivered Invoice No. 7217 (for defense fees incurred in the Trophy Depot Litigation) to Scottsdale and demanded payment of the invoice.

64. Despite request, on August 26, 2015, Scottsdale refused to reverse its denial of a defense and refused to pay for the attorneys' fees incurred by Awards Depot in defending itself in the Trophy Depot Litigation.

65. Scottsdale's actions as described above are a breach of the Policy.

66. Awards Depot has suffered actual damages as a result of Scottsdale's breach of contract and in all probability will suffer consequential and special damages if Scottsdale continues in its refusal to provide a defense.

67. As a result of Scottsdale's breach, Awards Depot was required to retain the undersigned to enforce its rights under the contract.

68. Awards Depot has timely provided all required notices and performed all conditions precedent to recovery.

## VIII.
## THIRD CLAIM FOR RELIEF-VIOLATION OF §542 OF TEX. INS. CODE

69. Awards Depot incorporates by reference the allegations in paragraphs 1 through 68 above as if fully set forth herein.

70. The duty to defend is a "first-party claim." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 17 (Tex. 2007).

71. By its refusal to provide a defense after a proper tender, Scottsdale breached the Policy and therefore violated §542 of the Texas Insurance Code commonly known as the Prompt Payment of Claims Act. *See, Evanston Ins. Co. v. Legacy of Life Inc.*, 645 F.3d 739, 749-50 (5th Cir. 2011).

72. On August 22, 2015, Awards Depot tendered Invoice No. 7217, representing attorneys' fees incurred by Awards Depot in defending itself in the Trophy Depot Litigation. Awards Depot requested that Scottsdale pay the Invoice.

73. The work identified in Invoice No. 7217 was necessary and the fees charged were below the reasonable rate for attorneys of similar skill and experience in the New York area.

74. Scottsdale requested no information in connection with Awards Depot's request for payment of the invoice.

75. On August 26, 2015, Scottsdale declined Awards Depot's claim for payment of Invoice No. 7217 for attorneys' fees incurred in the Trophy Depot Litigation.

76. More than sixty days have elapsed since Scottsdale's August 13, 2015 denial of Awards Depot's request for a defense and Scottsdale's August 26, 2015 refusal to pay Invoice No. 7217.

77. As the Trophy Depot Litigation is still ongoing, defense fees continue to accrue.

78. Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code §§ 542.051–.061. All violations of this article are actionable under Texas Insurance Code § 542.060–.061.

79. Awards Depot is entitled to recover the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, actual damages, consequential damages and special damages together with reasonable attorney's fees as provided by Texas Insurance Code §§ 542.060-061.

80. Awards Depot timely provided all required notices and performed all conditions precedent to recovery.

## IX.
## JURY TRIAL DEMANDED

81. Awards Depot requests a jury trial on all issues so triable pursuant to FRCP 38.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Awards Depot respectfully prays that the Court issue Summons and require Defendant Scottsdale Insurance Company to appear and Answer herein.  Awards Depot also requests that the Court enter judgment in favor of Awards Depot against Scottsdale Insurance Company:

(1) Declaring that Scottsdale has a duty to defend Awards Depot in the Trophy Depot Litigation; and

(2) Finding Scottsdale breached the parties' insurance policy agreement; and

(3) Finding Scottsdale's conduct violated § 542 of the Texas Insurance Code; and

(4) Awarding Awards Depot its actual, consequential and special damages; and

(5) Awarding Awards Depot 18% damages, compounded annually, pursuant to the §542.060 of the Texas Insurance Code; and

(6) Awarding Awards Depot pre- and post-judgment interest, compounded annually; and

(7)   Awarding Awards Depot its reasonable and necessary attorneys' fees and cost incurred in connection with this litigation; and

(8)   Awarding Awards Depot all other relief the Court deems just and proper, at law or in equity.

**RESPECTFULLY SUBMITTED** this 30th day of October, 2015:

> By:   /s/ T. Wade Welch
> **T. Wade Welch, Esq.**
> Texas Bar No. 21126720
> S.D. Tex. Bar No. 9207
> E-mail: wwelch@twwlaw.com
> 8543 Hidden Hollow Ct.
> Missouri City, Texas 77459
> Telephone (713) 952-4334
> Facsimile (713) 952-4994
> *ATTORNEY-IN-CHARGE*
>
> **ATTORNEY FOR PLAINTIFF,
> AWARDS DEPOT, LLC.**