United States District Court
Southern District of Texas
**ENTERED**
February 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AWARDS DEPOT, LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-3201 |
| § | | |
| SCOTTSDALE INSURANCE § | | |
| COMPANY, § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 8] filed by Plaintiff Awards Depot, LLC ("Awards Depot"). Plaintiff seeks summary judgment on its declaratory judgment claim that Defendant Scottsdale Insurance Company ("Scottsdale") owes a duty to defend a lawsuit against Awards Depot that is currently pending in New York. Defendant filed a Response [Doc. # 10], Plaintiff filed a Reply [Doc. # 20], and Defendant filed a Surreply [Doc. # 21-1].[1] Having considered the Complaint in the underlying lawsuit, the applicable insurance policy, the parties' briefing, and governing legal authorities, the Court concludes that coverage under the policy is excluded under the "Knowing

---

[1] Defendant's Unopposed Motion for Leave to File Surreply [Doc. # 21] is hereby **granted**.

Violation of Rights of Another" exclusion. As a result, Scottsdale owes Awards Depot no duty to defend, and the Court **denies** Plaintiff's Motion for Partial Summary Judgment.

## I.     BACKGROUND

On June 19, 2015, Scottsdale issued to Awards Depot a Commercial General Liability Policy (the "Policy") that included Coverage B entitled "Personal and Advertising Injury Liability" for the period June 19, 2015 to June 19, 2016.[2]

On July 13, 2015, Awards Depot was sued by Trophy Depot in the United States District Court for the Eastern District of New York, *Trophy Depot, Inc. v. Awards Depot, Inc.*, Civil Action No. 2:15-cv-4103 (the "Underlying Lawsuit"). In that lawsuit, Trophy Depot asserts claims based on Awards Depot's alleged infringement of Trophy Depot's trade dress and trademarks. Trophy Depot in the Underlying Lawsuit seeks declaratory, injunctive, and monetary relief. Additionally, Trophy Depot seeks punitive damages, costs, and attorneys' fees.

On July 24, 2015, Awards Depot gave Scottsdale notice of the lawsuit and tendered the matter for a defense under the Policy. On August 13, 2015, Scottsdale denied that it owed Awards Depot a duty to defend. On October 20, 2015, Awards

---

[2]   A copy of the Policy is attached to Plaintiff's Motion as Exhibit 1 to the Declaration of Jerry Surber II, Award Depot's Managing Member. Citations to the Policy refer to the page number of the Exhibit as it appears on the Court's Electronic Case Filing system.

Depot presented its arguments for the duty to defend, with relevant case law, in a letter to Scottsdale. Scottsdale continued to deny that it owed Awards Depot a duty to defend in the Underlying Lawsuit.

Plaintiff Awards Depot filed this lawsuit on October 30, 2015, seeking a declaratory judgment that Scottsdale owes it a defense, asserting a breach of contract claim based on Scottsdale's refusal to provide a defense in the Underlying Lawsuit, and alleging that Scottsdale's denial of its duty to defend constituted a violation of § 542 of the Texas Insurance Code. On December 24, 2015, Plaintiff filed the pending Motion for Partial Summary Judgment on the declaratory judgment claim. The Motion has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD FOR DUTY TO DEFEND

An insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). In deciding whether an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined by the plaintiff's pleadings in the underlying lawsuit and by the language of the policy. *Id.* at 491; *see also LCS Corrections Servs., Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 668 (5th Cir. 2015); *Test Masters Educ. Servs., Inc.*

*v. State Farm Lloyds*, 791 F.3d 561, 564 (5th Cir. 2015). The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See Test Masters*, 791 F.3d at 564 (citing *Ewing Constr. Co. v. Amerisure Ins. Co., Inc.*, 420 S.W.3d 30, 33 (Tex. 2014)). The Court must consider the factual allegations in the underlying complaint "without regard to their truth or falsity and resolve all doubts regarding the duty to defend in the insured's favor." *Id.* (internal quotations and ellipse omitted). If the underlying complaint "potentially includes a covered claim, the insurer must defend the entire suit." *Id.* (quoting *Zurich Amer.*, 268 S.W.3d at 491).

If the complaint in the underlying lawsuit clearly alleges facts that would exclude coverage under the insurance policy, there is no duty to defend. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)). If it is unclear from the complaint in the underlying lawsuit whether the factual allegations fall within the policy's coverage, the "insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *See Zurich Amer.*, 268 S.W.3d at 491; *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008). The Court may not, however, "(1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual

scenarios which might trigger coverage." *Test Masters*, 791 F.3d at 564 (quoting *Gore Design*, 539 F.3d at 369).

### III.   ANALYSIS

In the Insuring Agreement section of Coverage B, Scottsdale agrees to provide Awards Depot with a defense against any "suit" seeking damages because of "personal and advertising injury" as defined in the Policy.  *See* Policy, p. 24.  The Policy defines "personal and advertising injury" to include injury arising out of trade dress infringement in the insured's "advertisement."  *See id.* at 33.  Awards Depot argues that this provision imposes on Scottsdale a duty to defend in the Underlying Lawsuit.

In the Complaint in the Underlying Lawsuit, Trophy Depot asserts claims based on alleged trade dress infringement and trademark infringement.  It is uncontested that the claims based on trademark infringement are excluded by the "Infringement of Copyright, Patent, Trademark or Trade Secret" Exclusion, which excludes coverage for "'Personal and advertising injury' arising out of the infringement of copyright, patent, ***trademark***, trade secret or other intellectual property rights."  *See* Policy at 25 (emphasis added).  The exclusion states expressly that it does not apply to trade dress infringement.  *See id.*

Plaintiff argues that the claims based on alleged trade dress infringement in its advertisements are covered under Coverage B of the Policy and that Scottsdale has a duty to defend Awards Depot in the Underlying Lawsuit. Scottsdale counters that it owes no duty to defend because the claims based on trade dress infringement in Awards Depot's advertisements are excluded by the "Knowing Violation of Rights of Another" Exclusion in Coverage B of the Policy. This Exclusion excludes coverage for "'Personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" *Id.* at 24.

Trophy Depot alleges in the Underlying Lawsuit that Awards Depot "knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of Trophy Depot's . . . trade dress." *See* Complaint in Underlying Lawsuit, Exh. 2 to Motion, ¶ 34. Trophy Depot alleges that Awards Depot in its advertising "knowingly and willfully used in interstate commerce diamond-shaped medals that are substantially indistinguishable from Trophy Depot's Diamond Trade Dress." *Id.*, ¶ 44. Trophy Depot alleges that Awards Depot's "actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with [Trophy Depot's] marks and trade dress to the irreparable injury to Plaintiff." *Id.*, ¶ 64. Trophy Depot alleges also that Awards Depot's trade dress infringement was

"committed willfully, with full knowledge of Trophy Depot's rights, and with the intention of depriving and misleading the public and of causing harm to Trophy Depot." *Id.*, ¶ 68, ¶ 73. In each of these allegations in the Underlying Lawsuit, Trophy Depot asserts that Awards Depot acted with knowledge that its conduct would violate Trophy Depot's rights in its trade dress and would inflict "personal and advertising injury" as defined in the Policy. There are no allegations in the Underlying Complaint that suggest that Awards Depot acted other than with such knowledge.

The Court has considered only the eight corners of the Policy and the complaint in the Underlying Lawsuit.[3] Based on that consideration, the Court concludes that the "Knowing Violation of Rights of Another" Exclusion applies to exclude coverage and, therefore, Scottsdale has no duty to defend Awards Depot in the Underlying Lawsuit.

## IV. **CONCLUSION AND ORDER**

The claims in the Underlying Lawsuit based on infringement of Trophy Depot's trade dress all involve allegations that Awards Depot acted with knowledge that it was violating Trophy Depot's trade dress rights and that it would inflict personal and

---

[3] Scottsdale asserts that it has no duty to defend Awards Depot in the Underlying Lawsuit based on other exclusions in the Policy. Although Scottsdale's arguments regarding the other exclusions appear to be well taken, they each require consideration of matters outside the eight corners of the Policy and the complaint in the Underlying Lawsuit.

advertising injury on Trophy Depot. As a result, coverage under the Policy is excluded by the "Knowing Violation of Rights of Another" exclusion. It is, therefore, hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 8] is **DENIED**. It is further

**ORDERED** that counsel shall be prepared to discuss at the February 22, 2016 initial conference whether final judgment can now be entered in this case.

SIGNED at Houston, Texas, this **16th** day of **February, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE