United States District Court
Southern District of Texas
**ENTERED**
March 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AWARDS DEPOT, LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-3201 |
| § | | |
| SCOTTSDALE INSURANCE § | | |
| COMPANY, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion to Reconsider [Doc. # 24] filed by Plaintiff Awards Depot, LLC ("Awards Depot"). Plaintiff seeks reconsideration of the Court's Memorandum and Order [Doc. # 23] entered February 16, 2016, denying Plaintiff's request for summary judgment that Defendant Scottsdale Insurance Company ("Scottsdale") owes a duty to defend a lawsuit against Awards Depot that is currently pending in New York. Defendant filed a Response [Doc. # 26], and Plaintiff filed a Reply [Doc. # 27]. Having considered the record and governing legal authorities, the Court **denies** the Motion to Reconsider.

## I.   BACKGROUND

On June 19, 2015, Scottsdale issued to Awards Depot a Commercial General Liability Policy (the "Policy") that included Coverage B entitled "Personal and Advertising Injury Liability" for the period June 19, 2015 to June 19, 2016.

On July 13, 2015, Awards Depot was sued by Trophy Depot in the United States District Court for the Eastern District of New York, *Trophy Depot, Inc. v. Awards Depot, Inc.*, Civil Action No. 2:15-4103 (the "Underlying Lawsuit"). In that lawsuit, Trophy Depot asserts claims based on Awards Depot's alleged infringement of Trophy Depot's trade dress and trademarks.

On July 24, 2015, Awards Depot gave Scottsdale notice of the lawsuit and tendered the matter for a defense under the Policy. On August 13, 2015, Scottsdale denied that it owed Awards Depot a duty to defend.

Plaintiff Awards Depot filed this lawsuit on October 30, 2015. Plaintiff seeks, *inter alia*, a declaratory judgment that Scottsdale owes it a defense in the Underlying Lawsuit. On December 24, 2015, Plaintiff filed a Motion for Partial Summary Judgment on the declaratory judgment claim, which the Court denied in its February 16, 2016 Memorandum and Order. Plaintiff filed its Motion to Reconsider, which has been fully briefed and is now ripe for decision.

## II.     LEGAL STANDARD FOR RECONSIDERATION

Plaintiff seeks reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which permits a litigant to file a motion to alter or amend a judgment. Reconsideration of a judgment pursuant to Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th

Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

### III. ANALYSIS

In the February 16, 2016 Memorandum and Order, the Court held that Defendant owed no duty to defend Awards Depot in the Underlying Lawsuit because coverage was excluded under the "Knowing Violation of Rights of Another" Exclusion in Coverage B of the Policy. This Exclusion excludes coverage for "'Personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" Plaintiff argues in its Motion to Reconsider that the exclusion does not apply because knowledge is not an element of a trade dress infringement claim.

Under Texas law, an insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). In deciding whether

an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined by the plaintiff's pleadings in the underlying lawsuit and by the language of the policy. *Id.* at 491; *see also LCS Corrections Servs., Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 668 (5th Cir. 2015); *Test Masters Educ. Servs., Inc. v. State Farm Lloyds*, 791 F.3d 561, 564 (5th Cir. 2015). The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See Test Masters*, 791 F.3d at 564 (citing *Ewing Constr. Co. v. Amerisure Ins. Co., Inc.*, 420 S.W.3d 30, 33 (Tex. 2014)). The Court must consider the factual allegations in the underlying complaint "without regard to their truth or falsity and resolve all doubts regarding the duty to defend in the insured's favor." *Id.* (internal quotations and ellipse omitted). If the underlying complaint "potentially includes a covered claim, the insurer must defend the entire suit." *Id.* (quoting *Zurich Amer.*, 268 S.W.3d at 491).

If the complaint in the underlying lawsuit clearly alleges ***facts*** that would exclude coverage under the insurance policy, there is no duty to defend. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)). If it is unclear from the complaint in the underlying lawsuit whether the ***factual allegations*** fall within the policy's coverage, the "insurer is obligated to

defend if there is, potentially, a case under the complaint within the coverage of the policy." *See Zurich Amer.*, 268 S.W.3d at 491; *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008). The Court may not, however, "(1) read facts into the pleadings, (2) look outside the pleadings, or (3) imagine factual scenarios which might trigger coverage." *Test Masters*, 791 F.3d at 564 (quoting *Gore Design*, 539 F.3d at 369).

In the February 16, 2016 Memorandum and Order, the Court noted that Trophy Depot alleges in the Underlying Lawsuit that Awards Depot "knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of Trophy Depot's . . . trade dress." *See* Complaint in Underlying Lawsuit, Exh. 2 to Motion for Partial Summary Judgment [Doc. # 8], ¶ 34. Trophy Depot alleges that Awards Depot in its advertising "knowingly and willfully used in interstate commerce diamond-shaped medals that are substantially indistinguishable from Trophy Depot's Diamond Trade Dress." *Id.*, ¶ 44. Trophy Depot alleges that Awards Depot's "actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with [Trophy Depot's] marks and trade dress to the irreparable injury to Plaintiff." *Id.*, ¶ 64. Trophy Depot alleges also that Awards Depot's trade dress infringement was "committed willfully, with full knowledge of Trophy Depot's rights, and with the intention of depriving and misleading the public and of causing

harm to Trophy Depot." *Id.*, ¶ 68, ¶ 73.  In each of these allegations in the Underlying Lawsuit, Trophy Depot asserts that Awards Depot acted with knowledge that its conduct would violate Trophy Depot's rights in its trade dress and would inflict "personal and advertising injury" as defined in the Policy.  There are no allegations in the Underlying Complaint that suggest that Awards Depot acted other than with such knowledge.

Plaintiff argues that the "Knowing Violation of Rights of Another" Exclusion does not apply notwithstanding the factual allegations in the Underlying Lawsuit because knowledge is not an element of a trade dress infringement claim.  In support of this argument, Plaintiff cites primarily to cases from courts in states other than Texas.  The only Texas case cited is *Bay Elec. Supply, Inc. v. The Travelers Lloyds Ins. Co.*, 61 F. Supp. 2d 611 (S.D. Tex. 1999).  In *Bay Electric*, then Judge Samuel Kent held without analysis that a similar exclusion did not preclude a duty to defend against trademark infringement claims because such claims do not include a knowledge element.  *See id.* at 619.  The 1999 *Bay Electric* decision, however, predates the Texas and Fifth Circuit cases cited above holding that, under Texas law, the focus is on the factual allegations and not on the legal theories in the underlying complaint.  As a result, the Court finds the *Bay Electric* decision unpersuasive.

In reaching its decision as set forth in the February 16, 2016 Memorandum and Order, this Court considered the allegations in the Underlying Lawsuit, which alleged only that Awards Depot acted with knowledge that its conduct would violate Trophy Depot's trade dress rights. Based on the allegations in the Underlying Lawsuit and the application of current Texas and Fifth Circuit legal authority, the Court concluded that the "Knowing Violation of Rights of Another" Exclusion applies to exclude coverage and, therefore, Scottsdale owes no duty to defend Awards Depot in the Underlying Lawsuit. Plaintiff has failed to demonstrate that the Court's decision constituted manifest error. As a result, the Motion to Reconsider is denied.

### IV.   CONCLUSION AND ORDER

The claims in the Underlying Lawsuit based on infringement of Trophy Depot's trade dress all involve allegations that Awards Depot acted with knowledge that it was violating Trophy Depot's trade dress rights and that it would inflict personal and advertising injury on Trophy Depot. As a result, coverage under the Policy is excluded by the "Knowing Violation of Rights of Another" exclusion. Absent a showing that this ruling is manifest error, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider [Doc. # 24] is **DENIED**.

SIGNED at Houston, Texas, this **21st** day of **March, 2016**.

P:\ORDERS\11-2015\3201MR.wpd   160321.1228

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE