United States District Court
Southern District of Texas
**ENTERED**
March 23, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AWARDS DEPOT, LLC, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-15-3201 | |
| § | | |
| SCOTTSDALE INSURANCE § | | |
| COMPANY, § | | |
|    Defendant. § | | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Summary Judgment [Doc. # 29] filed by Defendant Scottsdale Insurance Company ("Scottsdale"), to which Plaintiff Awards Depot, LLC ("Awards Depot") filed an early Response [Doc. # 30]. Based on its review of the record and the applicable legal authorities, the Court **grants** Defendant's Motion for Summary Judgment.

### I. BACKGROUND

On June 19, 2015, Scottsdale issued to Awards Depot a Commercial General Liability Policy (the "Policy") that included Coverage B entitled "Personal and Advertising Injury Liability" for the period June 19, 2015 to June 19, 2016.

On July 13, 2015, Awards Depot was sued by Trophy Depot in the United States District Court for the Eastern District of New York, *Trophy Depot, Inc. v. Awards Depot, Inc.*, Civil Action No. 2:15-4103 (the "Underlying Lawsuit"). In that

lawsuit, Trophy Depot asserts claims based on Awards Depot's alleged infringement of Trophy Depot's trade dress and trademarks.

On July 24, 2015, Awards Depot gave Scottsdale notice of the lawsuit and tendered the matter for a defense under the Policy. On August 13, 2015, Scottsdale denied that it owed Awards Depot a duty to defend.

Plaintiff Awards Depot filed this lawsuit on October 30, 2015. Plaintiff sought a declaratory judgment that Scottsdale owes it a defense in the Underlying Lawsuit, asserted a breach of contract claim based on Scottsdale's failure to provide a defense in the Underlying Lawsuit, and asserted a violation of the Prompt Payment of Claims Act, TEX. INS. CODE § 542, because Scottsdale failed to provide and pay for a defense to Awards Depot in the Underlying Lawsuit.

On December 24, 2015, Plaintiff filed a Motion for Partial Summary Judgment on the declaratory judgment claim. The Court held that Scottsdale did not owe Awards Depot a duty to defend the claims in the Underlying Lawsuit and, therefore, denied Plaintiff's Motion for Partial Summary Judgment in a Memorandum and Order [Doc. # 23] entered February 16, 2016. Plaintiff then filed a Motion to Reconsider, which the Court denied by Memorandum and Order [Doc. # 28] entered March 21, 2016.

Scottsdale has now moved for summary judgment on all claims asserted by Plaintiff. Plaintiff has responded in order to preserve its appeal rights, and to request that any entry of final summary judgment in this case be without prejudice to refiling should Trophy Depot amend its complaint in the Underlying Lawsuit to allege facts that would give rise to the duty to defend. Scottsdale's Motion for Summary Judgment is ripe for decision.

## II.   ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In this case, there is no dispute that if Scottsdale does not owe Plaintiff a duty to defend in the Underlying Lawsuit, Plaintiff cannot establish at least one essential

element of each of its three claims. Therefore, based on the Court's ruling that there is no duty to defend, as explained in the February 16, 2016 Memorandum and Order and again in the March 21, 2016 Memorandum and Order denying reconsideration, Scottsdale is entitled to summary judgment on Plaintiff's claims.

The Court agrees, however, that if Trophy Depot were to amend its complaint in the Underlying Lawsuit, the duty to defend would be determined based on the new pleading and could potentially arise at the time the amended pleading is tendered to Scottsdale for a defense under the Policy. *See, e.g., Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004); *Simco Enterprises Ltd. v. James River Ins. Co.*, 566 F. Supp. 2d 555, 564 (S.D. Tex. 2008). Therefore, the Court clarifies that the summary judgment ruling in favor of Scottsdale on the duty to defend issue is based only on Trophy Depot's live complaint at entry of Final Judgment in this case. The ruling is final and with prejudice, however, to the breach of contract and Texas Insurance Code claims. There are no duty to indemnify issues present in this case.

## IV. CONCLUSION AND ORDER

As explained in the Court's prior rulings, the claims in the Underlying Lawsuit based on infringement of Trophy Depot's trade dress all involve allegations that Awards Depot acted with knowledge that it was violating Trophy Depot's trade dress

rights and that it would inflict personal and advertising injury on Trophy Depot.  As a result, coverage under the Policy is excluded by the "Knowing Violation of Rights of Another" exclusion, and Scottsdale does not owe Awards Depot a duty to defend in the Underlying Lawsuit.

The duty to defend is an essential element of each of Plaintiff's three claims. Absent the duty to defend, Scottsdale is entitled to summary judgment and it is hereby

**ORDERED** that Scottsdale's Motion for Summary Judgment [Doc. # 29] is **GRANTED**.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 23rd day of **March, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE